■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO ANTHONY DI GIANGIEMO, Appellant.— Appeal by defendant from two judgments of the County Court, Nassau County, both rendered June 2, 1967, (1) one (on indictment No. 18158) adjudging him in violation of probation under a prior judgment of said court rendered July 29, 1964 (convicting him of attempted burglary in the third degree, upon a guilty plea), vacating the prior judgment, and resentencing him to a 2½ to 10 year prison term, as a second offender on the basis of a 1954 felony conviction; and (2) the other (on indictments Nos. 21771 and 21771A) convicting him of burglary in the third degree and grand larceny in the first degree, upon a jury verdict, and sentencing him, as a second offender, to concurrent prison terms of 10 to 20 years, to be served after completion of any other sentences imposed upon him.   Judgment upon indictments Nos. 21771–21771A affirmed. No opinion. Judgment of resentence upon indictment No. 18158 reversed, on the law, and case remitted to the County Court for a hearing to determine the constitutionality of the 1954 conviction, and for resentence in accordance with the determination made upon the hearing. In 1954 defendant was convicted of attempted burglary in the third degree, upon his plea of guilty, and was committed to the Elmira Reception Center. In 1964 he was convicted of attempted burglary in the third degree upon his plea of guilty; was sentenced to 2½ to 5 years, as a first offender, with execution of sentence suspended; and was placed on probation.   In 1967, when he was convicted under indictments Nos. 21771 and 21771A, he was also adjudged to have violated his probation on the 1964 sentence on indictment No. 18158, and the 1964 sentence, execution of which had been suspended, was vacated. When he was arraigned for resentence on the 1964 conviction, he admitted he was the person convicted in 1954, but challenged the 1954 conviction on the ground that it had been unconstitutionally obtained.   Without a hearing and determination of the issue raised by that challenge, the court adjudged defendant a second felony offender and resentenced him to a term of 2½ to 10 years. In doing so, the court stated it would not prevent defendant from instituting any proceedings he might choose addressed to the alleged invalidity of the 1954 conviction.   In view of section 1943 of the former Penal Law (which was the controlling statute when the crime charged in indictment No. 18158 was committed) and our holding in *People* v. *Webster* (32 A D 2d 557), it is our opinion that the procedure followed by the sentencing court was in error.   The judgment of resentence upon the original 1964 conviction must be reversed and the case remitted for a hearing and resentence in the manner indicated in section 1943 and *People* v. *Webster* (*supra*).   A holding by the court upon the hearing directed herein that the 1954 conviction was constitutional would be without prejudice to any application that defendant may be advised to make with

respect to his further contention that his plea of guilty upon indictment No. 18158 was in reliance upon a promise that he would be sentenced as a first felony offender. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.